**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Ana Pastrano, | § | |
| | § | |
| *Plaintiff* | § | |
| vs. | § | CIVIL ACTION NO. _ 5:19-cv-554 _ |
| | § | |
| Avance San Antonio, Inc. | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Ana Pastrano ("Ms. Pastrano"), Plaintiff in the above entitled numbered action, files this, her Original Complaint and Jury Demand against Defendant Avance San Antonio ("Avance"), and alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), Americans with Disabilities Act, as amended, 42 U.S.C. §12112, and 42 U.S.C. §2000e, Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 626(e), and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001, *et seq*. For causes of action, Ms. Pastrano shows this Court as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1. Ms. Pastrano, a female, is a resident of San Antonio, Bexar County, Texas.

2. Avance San Antonio is a domestic corporation duly formed and existing under the laws of the State of Texas and does business in the State of Texas in this judicial district. Avance's corporate headquarters are located in San Antonio, Texas. Avance may be served with process by service in this action by serving its registered agent for service of process, Elida

        D. Gonazles, 118 N. Medina St., 3rd Floor, San Antonio, TX 78207. However, a request for waiver of service summons will be sent to Defendants' counsel.

3. The Court has jurisdiction to hear the merits of Ms. Pastrano's claims under 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), 29 U.S.C. §216(b) and 42 U.S.C. §2000e-5(f)(3). The Court has supplemental jurisdiction of Ms. Pastrano's claims arising under Texas statutory and common law under 29 U.S.C. 626(e).

4. All the acts alleged herein occurred in Bexar County, Texas.

5. Venue in this district and division is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(2).

## II. FACTUAL BACKGROUND

6. Plaintiff began her employment with Defendant on or about October 2009 as a Human Resources Administrator.

7. Defendant is an employer engaged in commerce as that term is defined in 29 U.S.C. §630(b), 29 U.S.C. §203(d), 42 U.S.C. §2000e(b), and TEX. LABOR CODE § 21.002(8). Defendant is engaged in an industry affecting commerce and employed fifteen (15) or more employees for twenty or more calendar weeks in the current and/or preceding year.

8. On or about September 2018, Ms. Pastrano went out on an approved leave under the Family Medical Care Act to care for her daughter who suffered from medical issues related to pregnancy. Ms. Pastrano was her daughter's primary caregiver.

9. Upon her return, Ms. Pastrano was terminated without notice.

10. Ms. Pastrano, age 53, was replaced by a younger employee under the age of 40, who is less qualified.

11. Defendant's actions against Ms. Pastrano in terminating her are pretextual and amount to retaliation on the basis of associational disability.

## II. Causes of Action

### A. Title VII, Associational Discrimination Based on Disability

12. Ms. Pastrano realleges and reincorporates the allegations contained in Paragraphs 1 through 11, as if fully contained herein.

13. Defendant's actions as described herein constitute unlawful discrimination on the basis of Ms. Pastrano's associational disability in violation of 42 U.S.C. §2000e-2(a).

14. As a result of Defendant's actions, Ms. Pastrano has suffered pecuniary losses, including, but not limited to lost wages and other benefits associated with employment.

15. As a further result of Defendant's actions, Ms. Pastrano has also suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, and mental anguish. Ms. Pastrano is, therefore, entitled to compensatory damages under 42 U.S.C. § 1981a(b).

16. Defendant's actions were done with malice and/or with reckless indifference to Ms. Pastrano's state and federally protected rights.  Ms. Pastrano is, therefore, entitled to punitive damages under 42 U.S.C. § 1981a(b).

17. Ms. Pastrano seeks attorneys' fees and costs of suit under to 42 U.S.C. § 2000e-5(k).

### B. Title VII/ Discrimination Based on Age

18. Ms. Pastrano reincorporates the allegations contained in Paragraphs 1 through 11, as if fully contained herein.

19. Defendant's actions as described herein constitute unlawful discrimination on the basis of Ms. Pastrano's age in violation of 29 U.S.C. 626(e).

20. As a result of Defendant's actions, Ms. Pastrano has suffered pecuniary losses, including, but not limited to lost wages and other benefits associated with employment. Ms. Pastrano is, therefore, entitled to liquidated damages under 29 U.S.C. 626(e).

21. Ms. Pastrano seeks attorneys' fees and costs of suit under 29 U.S.C. 626(e).

### C. Discrimination & Retaliation Based on Family Medical Leave Act Leave

22. Ms. Pastrano reincorporates the allegations contained in Paragraphs 1 through 11, as if fully contained herein.

23. Defendant's actions as described herein constitute unlawful discrimination and retaliation on the basis of leave taken under the Family Medical Leave Act.

24. As a result of Defendant's actions, Ms. Pastrano has suffered pecuniary losses, including, but not limited to lost wages and other benefits associated with employment.

25. As a further result of Defendant's actions, Ms. Pastrano has also suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, and mental anguish. Ms. Pastrano is, therefore, entitled to compensatory damages under the Family Medical Leave Act.

26. Defendant's actions were done with malice and/or with reckless indifference to Ms. Pastrano's federally protected rights. Ms. Pastrano is, therefore, entitled to punitive damages under the Family Medical Leave Act.

27. Ms. Pastrano seeks attorneys' fees and costs of suit under the Family Medical Leave Act.

### D. Retaliation

28. Ms. Pastrano reincorporates the allegations contained in Paragraphs 1 through 11, as if fully contained herein.

29. Defendant's actions as described herein constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

30. As a result of Defendant's actions, Ms. Pastrano has suffered pecuniary losses, including but not limited to lost wages and other benefits associated with employment.

31. As a further result of Defendant's actions, Ms. Pastrano has also suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, and mental anguish.  Ms. Pastrano is, therefore, entitled to compensatory damages under 42 U.S.C. § 1981a(b).

32. Defendant's actions were done with malice and/or with reckless indifference to Ms. Pastrano's state and federally protected rights.  Ms. Pastrano is, therefore, entitled to punitive damages under 42 U.S.C. § 1981a(b).

33. Ms. Pastrano seeks attorneys' fees and costs of suit under 42 U.S.C. § 1981a(b).

### IV.  PRAYER FOR RELIEF

WHEREFORE, Ana Pastrano ("Ms. Pastrano") requests Defendant Avance be cited to appear and answer, and that on final trial, Ms. Pastrano have judgment against Defendant as follows:

1. judgment against Defendant for Ms. Pastrano's actual damages, including lost wages and benefits (both front and back pay);

2. judgment against Defendant for compensatory damages in the maximum amount allowed by law;

3. judgment against Defendant for punitive damages in the maximum amount allowed by law;

4. judgment against Defendant for liquidated damages in the maximum amount allowed by law;

5. an order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act, as amended, 42 U.S.C. §12112, and 42 U.S.C. §2000e; Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 626(e); and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001, *et seq*.

6. pre-judgment and post-judgment interest at the maximum allowed by law;

7. costs of suit, including attorneys' fees; and

8. award such other and further relief, both at law and in equity, to which Ms. Pastrano may be justly entitled.

**Respectfully submitted,**

**By: */s/ Adam Poncio*** 

**ADAM PONCIO**
**State Bar No. 16109800**
**ALAN BRAUN**
**State Bar No. 24054488**
**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile:(210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ana Pastrano, | § § § | |
| *Plaintiff* | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| Avance San Antonio | § § § | |
| *Defendant*. | § | |

## JURY DEMAND

Plaintiff Ana Pastrano ("Ms. Pastrano") hereby makes demand for a trial by jury on all claims in this action.

        **Respectfully submitted,**

        **By:** */s/ Adam Poncio*

        **ADAM PONCIO**
        **State Bar No. 16109800**
        **ALAN BRAUN**
        **State Bar No. 24054488**
        **PONCIO LAW OFFICES**
        **A Professional Corporation**
        **5410 Fredericksburg Rd., Suite 109**
        **San Antonio, Texas 78229-3550**
        **Telephone: (210) 212-7979**
        **Facsimile:(210) 212-5880**

        **ATTORNEYS FOR PLAINTIFF**